**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

RUSSELL EDWARD JOHNSON,
  *Defendant-Appellant.*

No. 03-4573

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-02-296)

Submitted: August 30, 2004

Decided: September 27, 2004

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Robert I. O'Hale, CLIFFORD, CLENDENIN, O'HALE & JONES, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Russell Edward Johnson of possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000) (counts one and four); assault on a federal agent, 18 U.S.C. § 111(a)(1), (b) (2000) (count two); brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (2000) (count three); possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(D) (2000) (count five); and possession of firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (count six). He was sentenced to a total of thirty-two years imprisonment. We affirm.

On appeal, Johnson first contends that the district court erred in denying his motion to dismiss the two counts of the superseding indictment charging possession of a firearm by a convicted felon because his civil rights had been restored under North Carolina law. Specifically, he argues that, since he was not prohibited under North Carolina law from possessing the subject weapons at his residence and lawful place of business after his civil rights had been restored, the counts should be dismissed. While 18 U.S.C. § 921(a)(20) (2000) prevents federal prosecution for felon in possession of a firearm where the defendant has had his civil rights restored on the predicate felony, where, as here, the defendant was restricted by his felon status under state law from possessing firearms outside his home or business, 18 U.S.C. § 922(g) prohibits him from possessing any guns, even those permitted under state law. *See Caron v. United States*, 524 U.S. 308, 315-17 (1998) (affirming federal firearms convictions where defendant had not regained all firearm rights, even though the weapons he possessed were not proscribed by Massachusetts state felony firearm laws). We therefore conclude that the district court did not err in denying the motion to dismiss.

Also in regard to his convictions for possession of a firearm by a convicted felon, Johnson argues that the district court abused its discretion in denying his motion to present an entrapment by estoppel defense. This Court reviews a district court's pretrial decision to refuse to allow a defendant to present an affirmative defense for abuse

of discretion. *United States v. Osborne*, 935 F.2d 32, 38-39 (4th Cir. 1991). Because Johnson does not allege that he relied on statements by federal officials, we find that the district court did not abuse its discretion in refusing to allow him to present this defense. *See United States v. Clark*, 986 F.2d 65, 69 (4th Cir. 1993) (statements made by a person who is not a federal government official cannot establish the defense of entrapment by estoppel).

Next, Johnson maintains that the district court erred in denying his motion to dismiss these same counts on the ground that the 1995 amendment of the North Carolina firearms statute violates the Ex Post Facto Clause as applied to him. This Court reviews a district court's ruling on whether the Ex Post Facto Clause bars a criminal prosecution de novo. *United States v. Wilson*, 210 F.3d 230, 233 (4th Cir. 2000). We find this argument foreclosed by our decision in *United States v. Farrow*, 364 F.3d 551 (4th Cir. 2004). In *Farrow*, we specifically held that the retroactive application of N.C. Gen. Stat. § 14-415.1 did not violate the Ex Post Facto Clause. *Id.* at 555; *see also United States v. O'Neal*, 180 F.3d 115 (4th Cir. 1999) (holding that 1975 amendment to North Carolina's firearms disability statute increasing the disability period to five years did not violate the Ex Post Facto Clause).

Johnson also argues that the district court erred in denying his motion to suppress. In that motion, Johnson argued that Detective Rogers' affidavit did not establish a fair probability that contraband or evidence would be found at Johnson's residence, and therefore the issuance of the search warrant violated Johnson's Fourth Amendment rights.

This Court reviews the factual findings underlying the denial of a motion to suppress for clear error, while reviewing the legal determinations de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, review of the evidence is made in the light most favorable to the Government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). In reviewing the propriety of issuing a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

The facts presented to the issuing judge need only convince a person of reasonable caution that contraband or evidence of a crime will be found at the place to be searched. *Texas v. Brown*, 460 U.S. 730, 742 (1983).

If a warrant is found to be defective, the evidence obtained from the defective warrant may nevertheless be admitted under the good faith exception to the exclusionary rule. *United States v. Leon*, 468 U.S. 897, 922-23 (1984). Evidence seized pursuant to a defective warrant will not be suppressed unless: (1) the affidavit contains knowing or reckless falsity; (2) the magistrate acts as a rubber stamp for the police; (3) the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause; and (4) the warrant is so facially deficient that an officer could not reasonably rely on it. *United States v. Wilhelm*, 80 F.3d 116, 121-22 (4th Cir. 1996); *United States v. Hyppolite*, 65 F.3d 1151, 1156 (4th Cir. 1995).

Where, as here, the challenge is to both the probable cause determination and the conclusion that the good faith exception applies, this Court will ordinarily address the good faith determination first, unless the case involves the resolution of a novel question of law necessary to provide guidance to police officers and magistrates. *United States v. Legg*, 18 F.3d 240, 243 (4th Cir. 1994); *see also United States v. Craig*, 861 F.2d 818, 820 (5th Cir. 1988) ("Principles of judicial restraint and precedent dictate that, in most cases, we should not reach the probable cause issue if . . . the good-faith exception of *Leon* will resolve the matter."). Having reviewed the materials submitted in the joint appendix in light of Johnson's argument, particularly the transcripts of the hearing on the motion, we conclude that the district court did not err in applying the good faith exception in this case.

Johnson further argues that the district court abused its discretion in refusing to allow him to introduce expert testimony from a psychologist that Johnson misperceives reality when placed under acute stress. He further alleges that he should have been allowed to introduce evidence that he was taking prescription drugs and was prone to panic attacks at the time he assaulted the officers. Johnson did not, and does not, contend he was insane at the time of the offense or that he did not have the capacity to formulate the requisite mental state. He simply argues that he should have been allowed to present this

evidence so that the jury could determine whether he acted in defense of himself and/or his father.

This Court reviews a district court's evidentiary rulings for abuse of discretion. *United States v. Leftenant*, 341 F.3d 338, 342 (4th Cir. 2003), *cert. denied*, 124 S. Ct. 1183 (2004). In *United States v. Worrell*, 313 F.3d 867 (4th Cir. 2002), this Court acknowledged that the Insanity Defense Reform Act ("IDRA") expressly prohibits the use of any "[m]ental disease or defect" as a defense unless it demonstrates that the defendant "was unable to appreciate the nature and quality or the wrongfulness of his acts." *Id.* at 872 (quoting 18 U.S.C. § 17 (2000)). The court concluded, however, that "the IDRA does not prohibit psychiatric evidence of a mental condition short of insanity when such evidence is offered purely to rebut the government's evidence of specific intent, although such cases will be rare." *Id.* at 874.

We find that the district court did not abuse its discretion in refusing to allow the psychologist's testimony based on our decision in *Worrell*. In *Worrell*, we specifically concluded that the IDRA bars psychiatric evidence relating to a defendant's mental condition if such evidence is in the nature of a legal justification or excuse for otherwise criminal conduct, but permits this type of evidence if, rather than justifying a defendant's conduct, it negates an essential element of the government's prima facie case. 313 F.3d at 873. In this case, as in *Worrell*, the psychologist's proposed testimony was not relevant to the issue of specific intent. The district court therefore did not abuse its discretion in excluding the psychologist's testimony.

With respect to his conviction for possession of marijuana with the intent to distribute and the resulting § 924(c) conviction based on that offense, Johnson argues that the district court erred in denying his motion for acquittal on the ground that there was insufficient evidence presented of his intent to distribute marijuana. Specifically, Johnson freely admits to the plethora of evidence supporting his possession of the marijuana; however, he argues there was insufficient evidence to support the intent to distribute. He points to the absence of certain indicia of distribution such as cell phones, drug ledgers, and packaging materials.

This Court reviews de novo the district court's decision to deny a motion for judgment of acquittal. *United States v. Romer*, 148 F.3d

359, 364 (4th Cir. 1998). When the motion is based on insufficient evidence, the conviction must be sustained if the evidence, viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Id.* If substantial evidence exists to support a verdict, the verdict must be sustained. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (citing *Glasser v. United States*, 315 U.S. 60, 80 (1942)). Intent to distribute may be inferred from a drug quantity larger than that needed for personal use. *United States v. Wright*, 991 F.2d 1182, 1187 (4th Cir. 1993). We find sufficient evidence in this case to support the jury's finding of an intent to distribute marijuana. Moreover, it was the jury's exclusive prerogative to credit or discredit his testimony; credibility determinations are not subject to review by this Court. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

In his last argument, Johnson challenges the imposition of a twenty-five-year consecutive sentence under 18 U.S.C. § 924(c)(1)(C)(i), (D)(ii), which requires the court to impose no less than twenty-five years' imprisonment in the case of a second or subsequent conviction under § 924(c). Johnson maintains this was error because both § 924(c) violations were listed in the same indictment and the offense conduct for both occurred simultaneously. Johnson appears to acknowledge that this Court held that a conviction on a second firearms count, although charged in the same indictment as the first, gives rise to the enhanced sentence. *United States v. Raynor*, 939 F.2d 191, 193-94 (4th Cir. 1991). He seems to rely rather on the fact that, in this case, the offense conduct giving rise to the two § 924(c) convictions occurred simultaneously. This argument is meritless. Because both § 924(c) convictions can be charged in the same indictment, and because both convictions were based on separate conduct (i.e., assault on a federal agent and possession with intent to distribute marijuana), we find that the district court did not err in imposing the mandatory twenty-five-year consecutive sentence.

Accordingly, we affirm Johnson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*